UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

          Plaintiff,        Case No. 19-cr-20797

v.                              Judith E. Levy
                              United States District Judge

Joseph Tate,

                              Mag. Judge David R. Grand

         Defendant.

_____/

**OPINION AND ORDER DENYING WITHOUT PREJUDICE
DEFENDANT'S MOTION FOR A SENTENCE REDUCTION [24]
AND MOTION TO APPOINT COUNSEL [25]**

Before the Court are a motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) and a motion to appoint counsel filed by Defendant Joseph Tate. (ECF Nos. 24, 25.) For the reasons set forth below, Defendant's motions are DENIED WITHOUT PREJUDICE.

**I.    Background**

Defendant is currently in the custody of the Bureau of Prisons ("BOP") at Federal Correctional Institution McDowell ("FCI McDowell") in Welch, West Virginia. On November 14, 2019, Defendant robbed TCF Bank in Troy, Michigan, stealing $5,835.00 and assaulting two bank

tellers. (ECF No. 18, PageID.56.) On December 4, 2019, Defendant was indicted on five counts: (1) bank robbery in violation of 18 U.S.C. § 2113(a); (2) assault with a dangerous weapon in committing bank robbery in violation of 18 U.S.C. § 2113(d); (3) forced accompaniment in committing bank robbery in violation of 18 U.S.C. § 2113(e); (4) possession of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A); and (5) possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). (ECF No. 1.) Defendant was detained pending trial. (ECF No. 8.) On June 23, 2020, Defendant pled guilty to Counts 1, 3, and 4 pursuant to a Rule 11 plea agreement. (ECF No. 18.) On October 15, 2020, the Court sentenced Defendant to "120 months on Counts 1 and 3, to be served concurrently, and 60 months on Count 4 to be served consecutively to Counts 1 and 3" (ECF No. 22, PageID.92.)

On or about September 12, 2024, Defendant filed the present motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A). (ECF No. 24.) Defendant also filed a motion to appoint counsel. (ECF No. 25.)

## II. Motion for a Sentence Reduction

### A. Legal Standard

Under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, a motion for modification of a sentence or compassionate release may be filed by the Director of the Bureau of Prisons (BOP) or by "an imprisoned person . . . after (1) exhausting the BOP's administrative process; or (2) thirty days after the warden received the compassionate release request—whichever is earlier." *See United States v. Jones*, 980 F.3d 1098, 1104–05 (6th Cir. 2020) (citations omitted). In resolving compassionate-release motions, courts in the Sixth Circuit apply a "three-step inquiry." *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021). First, "the court must 'find' that 'extraordinary and compelling reasons warrant [a sentence] reduction.'" *Id.* (alteration in original) (quoting *Jones*, 980 F.3d at 1101). Second, the court must "ensure 'that such a reduction is consistent with applicable policy statements issued by the [United States] Sentencing Commission.'" *Id.* (quoting *Jones*, 980 F.3d at 1101). Third, the court must "consider[ ] all relevant sentencing factors listed in 18 U.S.C. § 3553(a)." *Id.* (alteration in original) (quoting *Jones*, 980 F.3d at 1101). "If each of those requirements are met, the

3

district court 'may reduce the term of imprisonment,' but need not do so." *Id.* (quoting 18 U.S.C. § 3582(c)(1)(A)).

With respect to the second factor, the relevant policy statement by the Sentencing Commission is found in United States Sentencing Guidelines Manual § 1B1.13. *Jones*, 980 F.3d at 1108 (citation omitted). Previously, § 1B1.13 expressly applied only to a "motion of the Director of the Bureau of Prisons." U.S. Sent'g Guidelines Manual § 1B1.13 (U.S. Sent'g Comm'n 2021). Based on this language, the Sixth Circuit concluded that "§ 1B1.13 is not an applicable policy statement for compassionate-release motions brought directly by inmates, and so district courts need not consider it when ruling on those motions." *Elias*, 984 F.3d at 519. However, the Sentencing Commission amended this policy statement to also apply to motions made by incarcerated individuals. *See* Amendments to the Sentencing Guidelines, Policy Statements, Official Commentary, and Statutory Index, 88 Fed. Reg. 28,254 (May 3, 2023) (effective Nov. 1, 2023); U.S. Sent'g Guidelines Manual § 1B1.13 (U.S. Sent'g Comm'n 2023) [hereinafter U.S.S.G. § 1B1.13] ("Upon motion of the Director of the Bureau of Prisons *or the defendant* pursuant to 18 U.S.C. § 3582(c)(1)(A) . . . ." (emphasis added)).

4

The now-applicable policy statement provides that "[e]xtraordinary and compelling reasons exist under any of the following circumstances or a combination thereof": (1) the medical circumstances of the defendant, (2) the age of the defendant, (3) the family circumstances of the defendant, (4) whether the defendant was a victim of abuse while in custody, (5) "Other Reasons," and (6) a non-retroactive change in the law if the defendant received an unusually long sentence and has been in prison for at least ten years. *See* U.S.S.G. § 1B1.13(b)(1)–(6). Under the "Other Reasons" provision, a court may consider "any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." *Id.* at § 1B1.13(b)(5).

### B. Analysis

In his motion for a sentence reduction, Defendant asserts that his rehabilitation, a non-retroactive change in the law, and current prison conditions constitute extraordinary and compelling circumstances. As set forth below, the Court concludes that these arguments do not support a reduction in Defendant's sentence under § 3582(c)(1)(A) at this time.

First, Defendant contends that his rehabilitation, participation in programming, and disciplinary record while in custody constitute extraordinary compelling reasons for a sentence reduction. (*See* ECF No. 24, PageID.135–141.) Defendant is to be commended for this record and his efforts at rehabilitation thus far. Nevertheless, the Sentencing Commission has made clear that "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason." U.S.S.G. § 1B1.13(d); *see also United States v. Ruffin*, 978 F.3d 1000, 1009 (6th Cir. 2020) ("Congress has made clear that rehabilitation 'alone' does not provide a proper basis for relief" under 18 U.S.C. § 3582(c)(1)(A). (quoting 28 U.S.C. § 994(t))). As such, Defendant's rehabilitation does not constitute an extraordinary and compelling reason.

Defendant also asserts that a sentence reduction is warranted based on a change in controlling law that creates a "significant sentencing disparity." (*See* ECF No. 24, PageID.140–141.) Under the current policy statement promulgated by the Sentencing Commission, a non-retroactive change in the law may constitute an extraordinary and compelling reason under § 1B1.13(b)(6). That subsection states:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change

6

> in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6). Here, Defendant relies on § 403 of the First Step Act, which modified the criteria for an enhanced penalty under 18 U.S.C. § 924(c)(1)(C). *See* First Step Act of 2018, Pub. L. No. 115-391, § 403(a), 132 Stat. 5194, 5221–22 (codified at 18 U.S.C. § 924(c)(1)(C)). However, the First Step Act was enacted on December 21, 2018—before Defendant's indictment, plea, and sentencing in this case. (*See* ECF Nos. 1, 18, 22.) Therefore, Defendant fails to identify a non-retroactive change in the law that supports a sentence reduction.

Finally, Defendant briefly asserts that a sentence reduction is appropriate based on prison conditions. (*See* ECF No. 24, PageID.135–136.) However, Defendant fails to identify any conditions at FCI McDowell that would constitute an extraordinary and compelling circumstance. As such, this argument does not support a sentence reduction.

Because the Court does not find that there are extraordinary and compelling reasons supporting a reduction in Defendant's sentence, it need not address the § 3553(a) factors. *See United States v. Owens*, 996 F.3d 755, 759 (6th Cir. 2021) ("[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." (citations omitted)); *United States v. Smith*, No. 23-5519, 2024 WL 1007115, at *6 (6th Cir. Mar. 8, 2024) ("Because [the defendant] failed to show an extraordinary and compelling reason warranting a reduction, the district court and this court need not consider the application of the § 3553(a) factors." (citing *Elias*, 984 F.3d at 519)).

Accordingly, Defendant has not satisfied the requirements for a reduction in his sentence under 18 U.S.C. § 3582(c)(1)(A), and his motion is denied without prejudice.

### III.  Motion to Appoint Counsel

In his motion to appoint counsel, Defendant asserts that he is unable to adequately represent himself due to the factual and legal complexities of his case, his lack of legal training, his limited access to the law library, and his inability to afford an attorney. (*See* ECF No. 25,

8

PageID.144–145.) "[T]here is no constitutional (or statutory) right to appointed counsel in § 3582(c) proceedings." *United States v. Manso-Zamora*, 991 F.3d 694, 696 (6th Cir. 2021) (per curiam); *see also Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Nevertheless, the district court has discretion to appoint counsel in sentence reduction proceedings. *See Manso-Zamora*, 991 F.3d 694, 696 n.3; *cf.* 18 U.S.C. § 3006A(a)(2). In assessing whether the appointment of counsel is appropriate, courts consider the type of case, the litigant's abilities to represent himself, the complexity of the relevant legal and factual issues, and the potential merit of the underlying claim. *See Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993).

Here, the Court has been able to discern Defendant's claims and address them without the assistance of counsel. Moreover, the facts put forward by Defendant in his motions do not demonstrate that he is likely to succeed in demonstrating extraordinary and compelling reasons for a reduction in sentence on any other basis at this time.

Accordingly, the appointment of counsel is not currently necessary, and Defendant's motion is denied without prejudice.

## IV. Conclusion

For the reasons set forth above, Defendant's motion for a sentence reduction under § 3582(c)(1)(A) (ECF No. 24) and motion to appoint counsel (ECF No. 25) are DENIED WITHOUT PREJUDICE.

Prior to filing any future motions under § 3582(c)(1)(A), Defendant must first exhaust all appropriate administrative remedies with the BOP. *See United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020).

IT IS SO ORDERED.

Dated: October 11, 2024        s/Judith E. Levy
    Ann Arbor, Michigan        JUDITH E. LEVY
                                        United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 11, 2024.

                                        s/William Barkholz
                                        WILLIAM BARKHOLZ
                                        Case Manager